{¶ 97} I respectfully dissent from the decision of the majority, and would instead sustain Defendant-Appellant's third assignment of error on the record before us.
 {¶ 98} In State v. Edmonson, 86 Ohio St.3d 824, 1999-Ohio-110, the Supreme Court established a strict compliance standard for the statutory findings a court must make in order to impose a particular felony sentence, holding that the court must "record a finding," and that when reasons for the finding are required the court must "give its reasons."Id., at 329. The rationale for the requirement was set out in State v.Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, in which the Court stated: "These findings and reasons must be articulated by the trial court so an appellate court can conduct a meaningful review of the sentencing decision." Id., at 468. That articulation must be in the form of oral pronouncements made at the sentencing hearing. Id.
 {¶ 99} Defendant-Appellant was convicted of a fifth degree felony and sentenced to a term of imprisonment on her conviction. R.C.2929.19(B)(2)(a) requires the court, when it imposes a prison term for that degree of felony offense, to "make a finding that gives its reasons . . . for imposing the prison term, based on the overriding purposes and principles of felony sentencing set forth in section 2929.11 of the Revised Code, and any factors listed in divisions (B)(1)(a) to (i) of section 2929.13 of the Revised Code that it found to apply relative to the offender." Per Edmonson and Comer, the court's intuitive application of those matters is not sufficient and therefore cannot be presumed.
 {¶ 100} I agree that the trial court's reference to Defendant-Appellant's extensive criminal record portrays a fully sufficient basis for the sentence the court imposed in relation to the purposes and principles of felony sentencing set out in R.C. 2929.11. The problem is that the court neither recorded its findings on those matters nor gave its reasons for any such findings, which are requirements expressly imposed by R.C. 2929.19(B)(2)(a). Regrettably, we are then required by Edmonson and Comer to reverse the sentence the court imposed and to remand for resentencing.
 {¶ 101} We have consistently enforced the strict compliance requirement when similar omissions occurred. State v. Watts (Dec. 31, 1998), Montgomery App. No. 17060; State v. Shepherd (Dec. 6, 2002), Montgomery App. No. 19284; State v. Watkins (August 31, 2001), Champaign App. No. 2000-CA-21; State v. Rothgeb (Jan 31, 2003), Champaign App. No. 02CA7; State v. Adkins (Mar. 28, 2003), Greene App. No. 2002-CA-113. Why the majority abandons the strict compliance standard in the present case is perplexing.